**PLANTRONICS, INC., Plaintiff-Appellant and Cross-Appellee,**

v.

**ROANWELL CORPORATION, Defendant-Appellee and Cross-Appellant.**

Nos. 835, 836, Dockets 75–7621, 75–7645.

United States Court of Appeals, Second Circuit.

Argued May 28, 1976.

Decided June 15, 1976.

Tom Arnold, Paul M. Janicke, Houston, Tex. (Arnold, White & Durkee, Houston, Tex., Brumbaugh, Graves, Donohue & Raymond, Robert Neuner, New York City, of counsel), for plaintiff-appellant and cross-appellee.

Charles W. Bradley, New York City (Cooper, Dunham, Clark, Griffin & Moran, Lester W. Clark, New York City, of counsel), for defendant-appellee and cross-appellant.

Before HAYS, MULLIGAN and MESKILL, Circuit Judges.

PER CURIAM:

Plantronics, Inc. brought an action in the United States District Court for the Southern District of New York for infringement of two utility patents and a design patent which it owned relating to lightweight headsets as used by airplane pilots and air traffic controllers. The defendant Roanwell Corporation is also in the business of manufacturing and selling headsets. The patents owned by plaintiff and the allegations of infringement are:

1. Larkin patent 3,184,556, for a "Miniature Headset-Microphone Adapted For Use With A Mask", filed December 11, 1961, issued May 18, 1965; charged to be infringed by defendant's R–70 and R–71 headsets.

2. Hutchings patent 3,548,118 for a "Self-Supporting Headset", filed July 3, 1969, issued December 15, 1970; charged to be infringed by defendant's R–70 headset.

3. Hutchings design patent Des. 218,173 for a "Combined Microphone And Receiver Instrument", filed June 16, 1969, issued July 28, 1970; charged to be infringed by defendant's R–70 headset.

 After a five-day bench trial, Hon. William C. Conner, *District Judge,* held the Larkin patent in suit to be valid and infringed and the two Hutchings patents in suit to be invalid for obviousness under 35 U.S.C. § 103. Judge Conner's opinion is reported at 403 F.Supp. 138 (S.D.N.Y.1975). The plaintiff has appealed from the holding of invalidity of the two Hutchings' patents and the defendant has appealed from the holding of validity and enforceability of the Larkin patent. We are persuaded that Judge Conner's lucid and complete opinion below properly determined all of the issues raised in this litigation. The record amply supports the finding that the Larkin patent constituted a major breakthrough in the art for lightweight headsets and was not anticipated by prior patents relied on by Roanwell. With respect to the Hutchings utility patent, we are also persuaded that it was obvious from the state of the art at that time as found below. While the Hutchings StarSet (which embodied the patent) met with more commercial success than attributed by Judge Conner, as conceded by the defendant, this is of secondary consideration on the issue of obviousness. *Maclaren v. B–I–W Group, Inc.,* 535 F.2d 1367, 1376 (2d Cir. 1976). Moreover, there is no showing in the record that its commercial demand depends upon its 'over-the-ear' feature as distinguished from defendant's 'under-the-ear' units. In view of the ample evidence of obviousness, plaintiff's arguments concerning secondary factors are not persuasive. Similarly, we find no error of fact or law with respect to the finding of obviousness as to the Hutchings design patent.

The judgment is therefore affirmed on the opinion below.